IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHEILA TITTLE,
        Plaintiff,

v.                                                                             Civil Case No. 3:20-cv-349

VIRGINIA STATE BOARD OF ELECTIONS, et al.,
        Defendants.

## **MEMORANDUM ORDER**

Sheila Tittle, one of the plaintiffs in this closed case, has filed a motion for an emergency injunction to stop the Commonwealth of Virginia from printing ballots for the November 2020 presidential election and to print new ballots listing her as a candidate for president. She and other plaintiffs filed this case months ago, and the Court resolved the case by granting some of the relief the plaintiffs sought. Tittle now wants more, and wants her name to appear on the ballot. She has a new lawyer whose name appears on the motion for an injunction, but he has not formally entered an appearance in this case. Tittle's new counsel lacks authorization to file documents through the Court's Electronic Case Filing System. Local Civil Rule 1(A) requires the filing of all documents through the Electronic Case Filing System, which the plaintiff's counsel has not done. Nevertheless, Tittle's request raises questions that the Court will consider on its own initiative.

Virginia law requires a third-party candidate such as Tittle to collect 2,500 signatures for her name to appear on the ballot. (Dk. No. 52.) Tittle failed to do so. She blames this failure on the Coronavirus Disease 2019 (COVID-19). The plaintiff, therefore, asks the Court to order the presses to stop and compel the inclusion of Tittle's name on the ballot. The Court will deny Tittle's motion as barred by laches.

# I. DISCUSSION

The equitable doctrine of laches precludes relief when a plaintiff has delayed bringing suit to the detriment of the defendant. The doctrine applies with particular force in the context of preliminary injunctions against governmental action, where litigants try to block imminent steps by the government. "Equity demands that those who would challenge the legal sufficiency of administrative decisions concerning time sensitive public . . . projects do so with haste and dispatch." *Quince Orchard Valley Citizens Ass'n v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989); *see Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 100-01 (W.D. Va. 2007) (delay in bringing suit is a factor to consider in granting preliminary relief); *Marshall v. Meadows*, 921 F. Supp. 1490, 1494 (E.D. Va. 1996) ("The Fourth Circuit is especially mindful of laches in the context of an impending vote.").

Laches requires the proof of two elements: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *Marshall*, 921 F. Supp. at 1493-94; *see Costello v. United States*, 365 U.S. 265, 282 (1961); *White*, 909 F.2d at 102. As stated by the Fourth Circuit in *White*, the first element of laches is lack of diligence, when "the plaintiff delayed inexcusably or unreasonably in filing suit." *White*, 909 F.2d at 102 (citing *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 318 (D.C. Cir. 1987)); *see also Baylor Univ. Med. Ctr. v. Heckler*, 758 F.2d 1052, 1057 (5th Cir. 1985) (laches found where "delay is not excusable"); *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 128 (4th Cir. 1966) (laches found where "inexcusable or inadequately excused delay"). An inexcusable delay can only occur after the plaintiff discovers or should have discovered the facts giving rise to his cause of action. *See Knox v. Milwaukee Cnty. Bd. of Elections Comm'rs*, 581 F. Supp. 399, 402 (E.D. Wis. 1984); *Ward v. Ackroyd*, 344 F. Supp. 1202, 1212 (D. Md. 1972).

The second element is prejudice to the defendant. *See White*, 909 F.2d at 102. The defendant must prove that he has suffered a disadvantage or some other harm caused by reliance on the plaintiff's conduct. *Id.* (citing *Gull Airborne Instruments, Inc. v. Weinberger*, 694 F.2d 838, 844 (D.C. Cir. 1982)). The Court can infer prejudice simply from the plaintiff's delay or from evidence of specific harm. *Id.* The greater the delay, the less the prejudice required to show laches. *Id.*

In this case, the Court's July 15, 2020 Order provided that Tittle's name would appear on the ballot if she submitted "signatures of qualified voters totaling at least 50 percent of the total petition signatures required by Virginia Code § 24.2-543(A), and [met] all other conditions to appear on the 2020 Virginia general election ballot as [a candidate] for U.S. President." (Dk. No. 52.) Virginia's statute required Tittle to submit these signatures no later than August 21, 2020. Va. Code Ann. § 24.2-543(A). Tittle brought her motion to the Court the week of September 7, 2020, nearly two months after the Court's Order and two weeks after missing the signature deadline. With the election quickly approaching and early, in-person voting beginning on September 18, 2020, the Court finds that the plaintiff displayed an unreasonable and inexcusable lack of diligence.

This lack of diligence has significantly harmed the defendants. First, the Court takes judicial notice that the Commonwealth has already prepared the ballots for absentee and early voting. Any Court order to stop the presses and include additional candidates on the ballot at this late hour would pose an incredible challenge to localities across Virginia and jeopardize the many votes already cast. Second, Tittle asks the Court to order her inclusion on the ballot without having secured the requisite number of signatures to show her viability as a candidate. The Commonwealth has the right to demand a show of legitimate strength among the electorate. The

3

Court's Final Order cut this demand in half. It is too late for the Court to allow Tittle to gather any more signatures—the ballots are already out.

Accordingly, the Court finds that the plaintiff slept on her rights to the detriment of the defendants. Laches bars the motion for an emergency injunction.

## II. CONCLUSION

For the reasons stated above, the motion for an emergency injunction to stop the printing of the 2020 Virginia general election ballot is DENIED.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 22 September 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge